JULIUS LEWISHON and Others, Appellants, *v.* WILLIAM H. DREW and Others, Respondents.

*Firm creditor — right of, to reach equitable assets of firm — judgment and execution against the firm necessary.*

A creditor of a firm, who has recovered a judgment against one member thereof, upon his guaranty of a firm debt, and issued an execution thereon, which has been returned unsatisfied, cannot maintain an action, in the nature of a creditor's bill, to reach the equitable assets of the firm; a judgment must first be recovered against the firm or the surviving partner thereof, and an execution be issued thereon and returned unsatisfied.

Appeal from a judgment, entered in the county of New York upon the report of a referee, dismissing the complaint.

The plaintiff was a creditor of a firm composed of Elizabeth Drew and William H. Drew; Elizabeth died, and the surviving partner formed a partnership with defendant, Charles W. Drew, and they afterwards carried on the business with a considerable portion of the assets and property of the former firm. This action was brought to compel an accounting by the latter firm, and the payment of the plaintiff's claim, out of any balance due to the former firm.

*Adolph L. Sanger*, for the appellants. In cases of fraud and trust, a lien or a *quasi* lien, arises in favor of creditors. They are

entitled to relief, notwithstanding the fact that they may have had a remedy at law by levy and sale upon execution. All that is necessary, is to establish the relation of trustee and *cestui que trust*. (See *Chautauqua Bank* v. *White*, 6 N. Y., 252; *McCartney* v. *Bostwick*, 32 id., 53; *Everingham* v. *Vanderbilt*, 19 N. Y. Sup. Ct. R. [12 Hun], 75, 78.) The authority exercised by this court to grant relief in such cases, is a jurisdiction entirely independent of that exercised under the special authority of the statute to grant ancillary relief to judgment-creditors, in aid of their remedy at law. (See authorities above cited, and *McElwain* v. *Willis*, 9 Wend., 567; *Long* v. *Majestre*, 1 Johns. Ch., 306; *Colt* v. *Lasnier*, 9 Cow., 320; *Loomis* v. *Tifft*, 16 Barb., 541, 543–544; Story's Eq. Jur., §§ 1265, 350–359, 535; *Geery* v. *Geery*, 63 N. Y., 254; *Lawrence* v. *Bank of the Republic*, 35 id., 320, 321, 322.) The objection that the plaintiffs must first exhaust their remedy at law comes too late. This objection was neither taken at the trial nor by answer. The parties have all submitted to the equitable cognizance of this action, and the proofs have all been taken before the referee upon the merits. The objection is not now available. (*Green* v. *Milbank*, 3 Abb. [New Cas.], 149; *Le Roy* v. *Platt*, 4 Paige, 77; *Truscott* v. *King*, 6 N. Y., 165; *Hanley* v. *Cramer*, 4 Cow., 726; *Renand* v. *O'Brien*, 35 N. Y., 103.)

*James H. Gilbert*, for the respondents. A creditor at large cannot maintain an action to reach the equitable assets of his debtor. (*Dunleavy* v. *Tallmage*, 32 N. Y., 457, and cases cited; *Ocean Nat. Bank* v. *Olcott*, 46 id., 12; *Allyn* v. *Thurston*, 53 id., 627; *Estes* v. *Wilcox.*, 67 id., 264.)

Daniels, J.:

As this case is now presented it appears that the plaintiffs were creditors of the firm of E. Drew for goods sold and delivered. That firm was composed of Elizabeth Drew and the present defendant, William H. Drew. She died, and after her decease the surviving partner formed another partnership with the defendant, Charles W. Drew, and they after that carried on business with a considerable portion of the assets and property of the preceding firm of E. Drew. The plaintiff's debt had been guaranteed by the defendant, William H. Drew, and a judgment was

recovered by the plaintiffs on that guaranty, on which execution was issued and returned unsatisfied. But no judgment was ever recovered by the plaintiffs against the firm of E. Drew, nor against William H. Drew as the surviving partner. That was an important omission, for upon the judgment recovered on the guaranty, which was merely the individual obligation of the guarantor, only his own property could be appropriated by the execution for its payment; while upon a judgment against him as surviving partner, the assets and property of the firm could have been levied upon and sold to satisfy an execution issued upon it; and that might very well have resulted in the payment of the plaintiff's debt. This was a substantial and probably an adequate remedy for its recovery; and until it shall have been resorted to and failed, the remedy in equity does not seem to be available. By that remedy the assets and property of the old firm, not capable of being discovered and appropriated to the payment of an execution, could be secured and applied to the payment of the plaintiff's debt. But until the legal remedy has been exhausted this equitable action cannot be sustained. That is now the well-settled rule applicable to actions of this description. (*Dunlevy* v. *Tallmadge*, 32 N. Y., 457; *Ocean Bank* v. *Olcott*, 46 id., 12; *Allyn* v. *Thurston*, 53, id., 622; *Estes* v. *Wilcox*, 67 id., 264.)

The action was commenced and tried upon a somewhat different theory. But that proving unfounded, in part at least, the complaint was amended; and by the amendment it has become an action by the plaintiffs as creditors to reach the assets of their debtors, and in that way to obtain satisfaction of their debt, without first exhausting the remedy provided by law for its recovery by a judgment upon it, and an execution against the property of their debtor. They have failed in the proceeding taken by them. Whether costs should have been allowed, was a matter which under the circumstances was addressed to the discretion of the referee, and nothing in the case shows this authority to have been unreasonably exercised.

The judgment should be affirmed.

Ingalls, P. J., and Potter, J., concurred.

Judgment affirmed.